**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4075**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIEL RICHARD HANNER, JR.,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:05-cr-00333)

———————

Submitted:  September 26, 2007      Decided:  October 17, 2007

———————

Before KING and SHEDD, Circuit Judges, and WILKINS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Emily Marroquin, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Richard Hanner, Jr., appeals the district court's judgment revoking his supervised release and sentencing him to the statutory maximum sentence of twenty-four months' imprisonment, a sentence above the applicable range based on the non-binding federal sentencing guidelines policy statement. Hanner contends that the sentence is procedurally and substantively unreasonable.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006), cert. denied, 127 S. Ct. 1813 (2007). In making this determination, we first consider whether the sentence is procedurally or substantively unreasonable. Id. at 438-39. Only if a sentence is found to be unreasonable will this court determine if it is "plainly" so. Id. at 439. Although the district court must consider the Chapter Seven policy statements, U.S. Sentencing Guidelines Manual ch. 7, pt. B (2006), as well as the statutory requirements and factors applicable to parole revocation sentences under 18 U.S.C.A. § 3553(a), 3583 (West 2000 & Supp. 2007), the court ultimately has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Crudup, 461 F.3d at 438-39.

Hanner argues that his sentence is both procedurally and substantively unreasonable. Based on Hanner's numerous violations of the terms of supervised release, including violating the law by driving under the influence, and his substance abuse and mental

health difficulties, the district court stated that Hanner's supervised release was an "utter failure" and that the statutory maximum sentence was necessary to protect the public by preventing Hanner from continuing to drive under the influence and to provide treatment for his substance abuse and psychiatric issues. Under the standard articulated in Crudup, 461 F.3d at 440, we find Hanner's sentence to be both procedurally and substantively reasonable.

Accordingly, we affirm Hanner's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED